**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 08-1257

RICHARD C. BOONE, APPELLANT,

V.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued December 2, 2008                    Decided March 10, 2009)

*Michael P. Horan*, of Washington, D.C., *Jennifer A. Zajac*, of San Diego, California, and *Linda E. Blauhut*, of Washington, D.C., for the appellant.

*Richard Mayerick*, *John H. Thompson*, Acting General Counsel; and *R. Randall Campbell*, Assistant General Counsel, all of Washington D.C., for the appellee.

Before KASOLD, MOORMAN, and LANCE, *Judges*.

MOORMAN, *Judge*: Richard C. Boone seeks to appeal an October 16, 2007, decision of the Board of Veterans' Appeals (Board) that denied an increased initial disability rating for a low back disorder in excess of 40% effective before September 24, 2004 and in excess of 60% after September 24, 2004. For the reasons set forth below, the Court will dismiss this appeal for lack of jurisdiction.

## I. FACTS

The Court received a VA Form 21-4138 (Statement in Support of Claim) from Mr. Boone on April 22, 2008, more than 120 days after the date the October 16, 2007, Board decision was mailed to him. In response to an order to show cause why his appeal should not be dismissed, Mr. Boone alleged that he sent his Form 21-4138 to the Montgomery, Alabama, regional office (RO) on January 8, 2008. Mr. Boone's Form 21-4138 stated in part that "[t]he veteran wishes to appeal the decision rendered by the Board of Veterans' Appeals on 10-16-07. The attached statement provides

the basis for this [N]otice of [D]isagreement. I cannot afford to hire an attorney and take this to the Court." The Form 21-4138 also included his name, address, telephone number and Department of Veterans Affairs claims file number. On the document attached to the Form 21-4138, Mr. Boone stated: "The Board failed to consider the numerous episodes of pain [and] suffering that appellant has experienced over the past decade." The Form 21-4138 evinced a VA stamp with the words "Notice of Disagreement Received" and was signed and dated "1-8-08." The record is silent as to what VA did with this document between January 8, 2008, and April 2008. Mr. Boone asserted at oral argument that a counselor at the RO told him in April 2008 that he needed to send the document to the Court, which Mr. Boone then did, using a VA envelope. A handwritten note in the margin of the Form 21-4138 states: "Forwarded to CAVC VACOLS UPD." While the record contains no explanation of this notation, the Court recognizes "VACOLS" as the acronym for VA's computerized appeal tracking system.

## II. ANALYSIS

Mr. Boone argues that the Court has jurisdiction in this case pursuant to 38 U.S.C. § 7266,[1] because he timely filed a Notice of Appeal (NOA) when he submitted his Form 21-4138 to the RO on January 8, 2008. The Secretary argues that the Court lacks jurisdiction over this matter because Mr. Boone's NOA was filed with the Court outside the 120-day judicial appeal period, and such a filing is untimely pursuant to *Henderson v. Peake*, 22 Vet.App. 217 (2008).

The U.S. Supreme Court has held that the taking of an appeal in a court within the time

---

[1] 38 U.S.C. § 7266 provides, in pertinent part:

> (a) In order to obtain review by the Court of Appeals for Veterans Claims of a final decision of the Board of Veterans' Appeals, a person adversely affected by such decision shall file a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed pursuant to section 7104(e) of this title.
> (b) An appellant shall file a notice of appeal under this section by delivering or mailing the notice to the Court.
> (c) A notice of appeal shall be deemed to be received by the Court as follows:
>> (1) On the date of receipt by the Court, if the notice is delivered.
>> (2) On the date of the United States Postal Service postmark stamped on the cover in which the notice is posted, if the notice is properly addressed to the Court and is mailed.

prescribed by statute is "'mandatory and jurisdictional.'" *Bowles v. Russell*, 127 S. Ct. 2360, 2363 (2008) (quoting *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 61 (1982)). Applying *Bowles,* this Court has made clear that the 120-day limit prescribed in section 7266(a) for appeals to this Court cannot be equitably tolled. *See Henderson*, 22 Vet.App. at 221 (holding that "we can draw no other conclusion than that, for the civil cases arising from appeals to this Court, there are no equitable exceptions to the 120-day judicial appeal period established by section 7266(a)"). Mr. Boone acknowledges these decisions, but he distinguishes them by noting that they did not involve a timely, albeit misfiled, appeal, as he argues is the case here. We need not now consider, however, whether filing an NOA with the RO may establish jurisdiction in the Court, because the Court holds that Mr. Boone's submission to the RO was not an NOA to this Court. Absent a timely filing of an NOA with the Court, the Court clearly lacks jurisdiction to consider the merits of Mr. Boone's appeal.

A review of Mr. Boone's submission to the RO supports the Court's holding that it was not an NOA to this Court because the document and the circumstances surrounding its filing evidenced no clear intent to seek judicial review. *See Durr v. Nicholson*, 400 F.3d 1375, 1381 (Fed. Cir. 2005) (quoting *In Re Rules of Practice & Proc*., U.S. Vet. App. Misc. No. 1-02 (Sept. 17, 2002) (document can constitute an NOA "as long as the intent to seek Court review is clear from the document as a whole and the circumstances of its filing with the Court")). Mr. Boone stated on the Form 21-4138 that he disagreed with the Board's October 16, 2007, decision, but he did not file the form with the Court. On the document he attached to the form, he specifically stated that he could not "afford to hire an attorney and take this to the Court," supporting the conclusion that he was seeking reconsideration and not appealing, or at best creating an ambiguity with regard to his intent.

If VA found these documents ambiguous, it should have promptly returned them to Mr. Boone as misfiled at VA accompanied by an appropriate explanation or appellate rights form, or it should have promptly forwarded them to the Court. *See Rosler v. Derwinski*, 1 Vet.App. 241, 249 (1991) ("[T]he Secretary of Veterans Affairs is required by law to advise VA claimants throughout the claims adjudication process of their subsequent appellate rights as to those adjudications."). Instead, VA initially construed Mr. Boone's filing as a "Notice of Disagreement," as indicated by the VA stamp on the face of the form. However, the relevant statutes and regulations do not provide for

3

the filing of a Notice of Disagreement as to a Board decision – a fact VA adjudicators should know well. *See, e.g.,* 38 U.S.C. § 7105(b)(1).

For reasons not known, VA did not consider Mr. Boone's filing a request for reconsideration. However, the Court observes that the documents Mr. Boone filed with the RO meet the criteria for a motion for reconsideration of the Board's decision. Pursuant to paragraph (a) of 38 C.F.R. § 20.1001, a motion for reconsideration must be in writing and must include (1) the name of the veteran, (2) the applicable VA file number, and (3) the date of the Board's decision to be reconsidered. It must also set forth the alleged obvious error of fact or law in the applicable decision of the Board, or other appropriate basis for requesting reconsideration. Mr. Boone's filing included his name, his Social Security number, the date of the Board's decision, and included the following allegation of error: "I do not feel that all of the medical evidence was considered in making the decision." Paragraph (b) of § 20.1001 provides that a motion for reconsideration must be filed with the Board, which is empowered by statute to discharge the Secretary's responsibility to provide the claimant one review by the Secretary of decisions on claims by an agency of original jurisdiction. 38 U.S.C. § 7103. The Board is not an independent entity, but is part of VA and, subject to limitations expressed by statute, is under the control of the Secretary. 38 U.S.C. § 7101. This being the case, strict compliance as to where within VA the motion for reconsideration must be filed is not required. *See Jaquay v. Principi*, 304 F.3d 1276, 1287 (Fed. Cir. 2002) (holding that the language of 38 C.F.R. § 20.1001 stating that motions for reconsideration "must be filed at the following address" is merely for the administrative convenience of the Board). Accordingly, the Court concludes that Mr. Boone's filing constituted a motion for reconsideration, which is still pending below. *Cf. Beyrle v. Brown*, 9 Vet.App. 24, 28 (1996) ("Whether a document is an NOD [(Notice of Disagreement)] is a question of law for the Court to determine de novo under 38 U.S.C. § 7261(a)."); *Gibson v. Peake*, 22 Vet.App. 11, 15 (2007) (whether a document constitutes a Substantive Appeal to the Board is a matter of law, which the Court reviews de novo).

We note that *Bowles* and *Henderson* do not disturb the rule that when a motion for reconsideration is filed within the 120-day judicial appeal period, the finality of the initial Board decision is abated by that motion for reconsideration. *Rosler,* 1 Vet.App. at 249; *see Fagre v. Peake,* 22 Vet.App. 188, 191 (2008). Inasmuch as the document Mr. Boone filed with the RO constitutes

4

a motion for reconsideration, the finality of the Board's October 16, 2007, decision was abated by that filing. *See* 38 C.F.R. § 20.1001 (2009). Accordingly, Mr. Boone will have 120 days from the issuance of any unfavorable decision of the Board Chairman on the motion for reconsideration to file an appeal in this Court. *See Linville v. West,* 165 F.3d 1382 (Fed. Cir. 1999) (appeal period begins anew as to the underlying Board decision when the Board Chairman disposes of the motion).

## III. CONCLUSION

Upon consideration of the pleadings of the parties and the foregoing analysis, the Court holds that it lacks jurisdiction over the October 16, 2007, Board decision because the appellant did not timely file an NOA in this Court; however, Mr. Boone's motion for Board reconsideration served to abate the finality of the October 2007 Board decision and such motion is currently pending before VA.

APPEAL DISMISSED.