HAGEL, Judge:
Robert V. Posey appeals through counsel a July 17, 2007, Board of Veterans’ Appeals (Board) decision that determined that new and material evidence had not been submitted to reopen a previously denied claim for VA benefits for a respiratory disorder. This matter is before this panel as a result of Mr. Posey’s response, and the Secretary’s subsequent reply to that response, to an order to show cause why his appeal should not be dismissed due to lack of timely filing of the Notice of Appeal. Because the Court concludes that the document submitted to the Court is, in fact, a motion for reconsideration of the Board decision rather than a Notice of *407 Appeal, the Court will dismiss Mr. Posey’s appeal without prejudice.
I. FACTS
Mr. Posey initially sent the document purported to be a Notice of Appeal from the Board’s July 17, 2007, decision to a VA regional office, where it was received on November 8, 2007. The regional office mailed that document to the Court on January 19, 2008. The Court received the document on January 22, 2008, more than 120 days from the date stamped on the front of the Board decision.
In response to the order to show cause why his appeal should not be dismissed for lack of jurisdiction due to an untimely filed Notice of Appeal, Mr. Posey argued in his brief that (1) the Board failed to mail its decision to his correct address and as a result it was returned to the Board as undeliverable; (2) the Board was aware of a different address for him; (3) he did not receive a copy of the Board decision mailed to him by the Board on July 17, 2007; and (4) the copy he later received did not comply with 38 C.F.R. § 20.1100(a) because the Board decision was not stamped on its face with the date the decision was re-sent.
In his brief, the Secretary conceded that the Board initially mailed the July 17, 2007, decision to an incorrect address. However, the Secretary asserted that the regional office re-sent the Board decision to Mr. Posey at his correct address on September 15, 2007. As evidence of this, the Secretary pointed to an internal VA memorandum in Mr. Posey’s claims file that contains an unsigned, handwritten note indicating that the attached Board decision was re-sent. The Secretary noted that, on November 8, 2007, VA received from Mr. Posey a document that the Secretary characterized as an appeal from the July 2007 Board decision. The Secretary argued that Mr. Posey’s correspondence demonstrates that the Board decision was re-sent on September 15, 2007, the date indicated in the handwritten note. Finally, the Secretary argued that § 20.1100, which requires that the date the Board decision was mailed be stamped on the face of the Board decision, is unrelated to whether Mr. Posey timely filed a Notice of Appeal with the Court and does not control the Court’s jurisdiction over Mr. Posey’s appeal.
Prior to oral argument, the Court issued an order directing the parties to be prepared to discuss the relevance, if any, of the Court’s decisions in Boone v. Shinseki, 22 Vet.App. 412 (2009), and Kouvaris v. Shinseki, 22 Vet.App. 377 (2009). Those decisions found that documents purporting to be Notices of Appeal initially filed by the appellants at the agency and later received by the Court beyond the 120-day filing period were, because of their content, not Notices of Appeal but rather motions for reconsideration of the Board decisions. Because the documents were submitted to VA within 120 days of the Board decisions and were held to be motions for reconsideration, they tolled the finality of those decisions. See Rosler v. Derwinski, 1 Vet.App. 241, 249 (1991). At oral argument, both Mr. Posey and the Secretary argued that the document received by the Court on January 22, 2008, was a Notice of Appeal from the July 17, 2007, Board decision.
II. ANALYSIS
A. Jurisdiction
The Court has an independent duty to determine its own jurisdiction, even if the matter is not raised by the parties. Clemons v. Shinseki, 23 Vet.App. 1, 3 (2009) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir.1974)). Ac *408 cordingly, the Court must first determine the nature of the document received by the Court on January 22, 2008 — which both parties assert is a valid Notice of Appeal— before the Court can turn to the question of the timeliness of the filing of that document.
 “It is well settled that a document filed with the Court will be liberally construed to constitute a [Notice of Appeal] ‘ “as long as the intent to seek Court review is clear from the document as a whole and the circumstances of its filing with the Court.” ’ ” Kouvaris, 22 Vet.App. at 379 (quoting Durr v. Nicholson, 400 F.3d 1375, 1381 (Fed.Cir.2005) (quoting In Re Rules of Practice & Proc., U.S. Vet. App. Misc. No. 1-02 (Sept. 17, 2002))). Accordingly, “the failure to explicitly ask for judicial review, or state that one is appealing, does not necessarily mean that a document filed with the Court will not be considered [a Notice of Appeal].” Id. However, in this case, the document submitted by Mr. Posey evinces no intent to seek review by the Court, and the circumstances surrounding its filing strongly suggest that it is more properly considered a motion for reconsideration of the Board decision.[2]
First, Mr. Posey’s submission contains a VA Form 1-9, entitled “Appeal to Board of Veterans’ Appeals.” Second, on that form, Mr. Posey checked the box labeled “I want a [Board] hearing in Washington, D.C.” Third, Mr. Posey attached a letter to the Form 1-9 addressed to the VA regional office in Lakewood, Colorado (where the form and letter were received on November 8, 2007). Fourth, the salutation of Mr. Posey’s letter reads: “To the Honorable Board of Veterans Affairs.” Fifth, in his letter, Mr. Posey reiterates his desire “to have a video conference hearing with one of the [B]oard members in Washington, D.C.” Nowhere in his letter does Mr. Po-sey refer to the Court or indicate that he is seeking review of the Board’s decision by the Court. Rather, the Court is convinced Mr. Posey was seeking to have the Board reconsider its July 2007 decision.
Pursuant to regulation,
a motion for reconsideration must be in writing and must include (1) the name of the veteran, (2) the applicable VA file number, and (3) the date of the Board’s decision to be reconsidered. It must also set forth the alleged obvious error of fact or law in the applicable decision of the Board, or other appropriate basis for requesting reconsideration.
Boone, 22 Vet.App. at 414 (citing 38 C.F.R. § 20.1001(a)). Mr. Posey’s November 2007 filing meets all of these requirements: Mr. Posey’s name appears in four places on the form and letter; his VA file number appears on both the Form 1-9 and the letter; Mr. Posey’s letter contains the reference line “Appeal to Recent Decision July 17, 2007;” and the letter lists a number of pieces of evidence Mr. Posey argues the Board either did not consider or to which it did not assign enough weight. Although subsection (b) of § 20.1001 provides that a motion for reconsideration must be filed with the Board, “strict compliance as to where within VA the motion for reconsideration is filed is not required.” Id. (citing Jaquay v. Principi, 304 F.3d 1276, 1287 (Fed.Cir.2002) (holding that the language of 38 C.F.R. § 20.1001(b) stating that motions for reconsideration “must be *409 filed at the following address” is merely for the administrative convenience of the Board), overruled, on other grounds by Henderson v. Shinseki, 589 F.3d 1201 (Fed.Cir.2009)). Therefore, the fact that Mr. Posey mailed this document to the regional office rather than the Board is irrelevant.
The Court is also not persuaded by the parties’ assertions at oral argument that Mr. Posey’s use of the word “appeal” in his submission demonstrates his intent to seek judicial review. Mr. Posey’s use of the word “appeal” does not necessarily dictate the result when, as here, a review of his submission in its entirety and the circumstances surrounding its filing at the regional office fails to evince an intent to seek judicial review. See Durr, 400 F.3d at 1380; Boone, 22 Vet.App. at 414; Kouvaris, 22 Vet.App. at 380.
In light of this discussion, the Court concludes that Mr. Posey’s filing is not a Notice of Appeal. It is, however, a motion for reconsideration, which, not having been acted on by the Board, is still pending below. See Boone, 22 Vet.App. at 414-15; Kouvaris, 22 Vet.App. at 381. Accordingly, there is no appeal over which the Court has jurisdiction, and the Court will therefore dismiss Mr. Posey’s appeal without prejudice to refile, should the Board decision, when final, be adverse to Mr. Posey. See Rosler, 1 Vet.App. at 249.
B. Secretary’s Mailing Procedures
Although the Court has disposed of this matter on a jurisdictional basis, we feel compelled to comment on the Secretary’s filings and arguments in this case. In his response to the show cause order, Mr. Posey acknowledged the presumption of regularity that the Secretary is afforded in mailing Board decisions, but contended that the presumption had been rebutted by virtue of the fact that the copy of the Board decision mailed on July 17, 2007, was returned to the Board as undeliverable due to an incorrect address and that the Board was aware of a different address for Mr. Posey at the time the decision was initially mailed. Appellant’s Response at 2-3; see Sthele v. Principi, 19 Vet.App. 11, 16-17 (2004) (holding that the Board is presumed to have properly mailed a copy of its decision to the last known address of a claimant, and the claimant’s representative, .if any, on the date that the decision was issued). In his reply, the Secretary conceded that the presumption of regularity had been rebutted because the Board was aware of a different address for Mr. Posey but mailed the July 17, 2007, Board decision to the wrong address. Secretary’s Brief (Br.) at 4. The Secretary then acknowledged that the burden shifted to him “to demonstrate proper mailing or actual receipt of the Board decision!,] after which the 120-day [appeal] period will begin to run.” Id. (citing Hampton v. Nicholson, 20 Vet.App. 459, 461 (2006); Sthele, 19 Vet.App. at 17). His attempt to demonstrate proper mailing, however, fell short of his goal.
The Secretary relied on a handwritten note, presumably made by an employee of the regional office, on an internal memorandum attached to a copy of the Board decision that states: “Resent the attached (July 17, 2007[,] [Board] decision letter) on September] 15, 2007 — Address obtained from [Compensation and Pension Record Interchange] to: [Mr. Posey’s proper address].” The Secretary also argued that Mr. Posey’s November 2007 submission to the regional office (which the Court determined above was a motion for reconsideration) demonstrated that the Board decision had been re-mailed on September 15, 2007. Secretary’s Br. at 4.
At oral argument, the Court questioned the reliability of the handwritten note. The Secretary’s counsel asserted that the *410 note was, in fact, reliable because it was made contemporaneously with the purported September 15, 2007, re-mailing of the Board decision and kept in the ordinary course of business. The Court interpreted this argument as an attempt to have the Court accept the note as a business record, which is an exception to the hearsay rule. See Fed. R. Ev. 801(c), 803(6). However, the Secretai'y failed to appreciate that the business records exception to the hearsay rule has its foundation in the assumption that a record that is regularly kept for purposes of the efficient operation of a business or government entity will be kept in accordance with a demonstrated regular practice of that organization. Thus, a business record is reliable only where “it was the regular practice of that business activity to make the [offered record],” and only when that regular practice is attested to by “the custodian of the record or other qualified witness, or by certification.” Fed. R. Ev. 803(6). Although the Court is not bound by the Federal Rules of Evidence, we note that the presumption of administrative regularity regularly relied upon by, and afforded to, the Secretary under our caselaw and the hearsay exception for business records offered by the Federal Rules both have at their root a showing that the writing was the product of a consistent, reliable procedure. See Nieves-Rodriguez v. Peake, 22 Vet.App. 295, 302 (2008) (stating that the Federal Rules of Evidence are not binding on the Court, but may provide “useful guidance” in some circumstances); Sthele, 19 Vet.App. at 16-17 (discussing the presumption of regularity).
What the Secretary failed to do in this case was demonstrate that the remailing procedure followed in Mr. Posey’s case (i.e., a handwritten notation by an unidentified person on an internal document not sent to the claimant) is the consistent and regular procedure that VA follows in cases in which the Board decision is returned as undeliverable and remailed to the claimant at a different address. See Sthele, 19 Vet.App. at 18-19. The Secretary contended that 38 C.F.R. § 20.1100, requiring that Board decisions be stamped with the date of mailing, does not concern procedures to be followed in the case of Board decisions returned as undeliverable. At oral argument, the Secretary’s counsel stated that the disputed handwritten notation was made “contemporaneously” with the re-mailing of the Board decision, but offered nothing more than her word that this was so. At no time has the Secretary produced, or offered to produce, affidavits of VA personnel to support his argument that simply noting on an internal document that a Board decision was re-mailed on a particular date plausibly demonstrates the actual date the Board decision was re-mailed, nor did he file any attachments with his brief demonstrating an established policy for the re-mailing of Board decisions. The Secretary, despite his best attempts, cannot make an action “contemporaneous” simply by saying it was.
At oral argument, the Secretary’s counsel attempted to rely on the VA Adjudication and Procedure Manual to support this position, despite not having included that document in the Secretary’s brief in reply to Mr. Posey’s response to the Court’s show cause order, and without notifying Mr. Posey’s counsel that she intended to rely on that document or providing Mr. Posey’s counsel with that document. In any event, we note that the Manual provision offered by the Secretary’s counsel does not provide any more support for the Secretary’s position than did his counsel’s unsupported statement at oral argument. In fact, the Manual demonstrates that VA indeed does have a procedure to be followed in cases such as *411 Mr. Posey’s, and that the procedure was not followed in Mr. Posey’s case:
If the decision was not mailed to the appellant’s current address:
• mail a photocopy to the most recent address of record
• update [the Veterans Appeals Control Locator System]
• annotate the decision with the new address and the date it was remailed[;] however[,]
• do not, under any circumstances, change the date stamped on the first page of the decision.
VA Adjudication and Procedure Manual, M21-1MR, Part 1, ch. 5, § G, subsec. d. In Mr. Posey’s case, the decision was not annotated with the new address and the date it was re-mailed — the annotation was made on an internal VA document never sent to Mr. Posey — and therefore does not comport with VA’s established procedure.[3] Although we do not have to decide the ultimate question of whether VA successfully met its burden to demonstrate proper mailing or actual receipt, the Court feels compelled to state how troubled it is by VA’s continued inability to follow its own procedures and its lackadaisical approach to litigating this case.
III. CONCLUSION
Upon consideration of the foregoing, Mr. Posey’s appeal of the July 17, 2007, Board decision is DISMISSED without prejudice.
HAGEL, Judge, filed the opinion of the Court.
HAGEL, Judge, and LANCE, Judge, filed concurring opinions.

. The Court notes that Mr. Posey's documents were received by the regional office 114 days after the July 2007 date stamped on the face of the Board decision. At oral argument, neither party argued the significance of this fact. As such, the Court notes the timing of the submission for factual purposes only, without making any judgment regarding the bearing of that fact on the characterization of the document submitted.

. We set aside, for the purposes of this discussion, the obvious incongruity and confusion that must result from not changing the date stamped on the front of the Board decision to the date the decision was re-mailed to the correct address when the notice of appellate rights states that a claimant has 120 days from the stamped date to appeal, rather than 120 days from the handwritten date.