NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**REJEANIA L. MILLER,**
*Claimant-Appellant*

**v.**

**DAVID J. SHULKIN, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2017-1003

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 16-1064, Judge Alan G. Lance, Sr.

---

Decided: February 15, 2017

---

REJEANIA L. MILLER, McLoud, OK, pro se.

BORISLAV KUSHNIR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM; Y. KEN LEE, AMANDA BLACKMON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, *Chief Judge,* NEWMAN and WALLACH,
*Circuit Judges.*

PER CURIAM.

Rejeania L. Miller seeks review of an order that the
United States Court of Appeals for Veterans Claims
("Veterans Court") issued in *Rejeania L. Miller v. Robert
A. McDonald, Secretary of Veterans Affairs*, No. 16-1064
(Vet. App. July 14, 2016). In that case, the Veterans Court
dismissed an appeal from a decision of the Board of Vet-
erans' Appeals ("Board") for lack of jurisdiction. Because
the Veterans Court does not have jurisdiction to hear the
appeal, we affirm.

I

Ms. Miller is the former spouse of veteran Joseph E.
Strayhorne, who served on active duty from April 1985 to
May 1993. In May 2008, Ms. Miller filed a claim for
apportionment of Department of Veterans Affairs ("VA")
benefits on behalf of her then-minor child, Tameisha D.
Strayhorne. The VA Regional Office in Muskogee, Okla-
homa reviewed and denied Ms. Miller's requested appor-
tionment for benefits for Ms. Strayhorne. Ms. Miller
promptly filed a notice of disagreement in accordance with
38 C.F.R. § 19.24. In response to this notice, the Regional
Office prepared a statement of the case in accordance with
38 C.F.R. § 19.26, indicating that it was denying the
requested apportionment of benefits because Mr. Stray-
horne neither filed for nor received benefits previously.

After a series of remands to the Regional Office, the
Board issued its decision denying Ms. Miller's claim,
concluding that "the claim for apportionment of [Mr.
Strayhorne's] VA benefits must be denied because there
are no benefits which may be apportioned." Appellant's
App'x 20. Three months later, Ms. Miller filed a motion
for reconsideration with the Board. The following month,

while her motion for reconsideration was pending, she filed a notice of appeal with the Veterans Court. *Id.* at 3–5. The Veterans Court dismissed the appeal, concluding that the finality of the Board's decision abated when Ms. Miller filed her motion for reconsideration. *Id.* at 1–2. Ms. Miller appeals the Veterans Court's dismissal.

## II

On appeal, Ms. Miller asks us to reverse the Veterans Court and award her the disability compensation she originally sought before the Board. In support, Ms. Miller focuses on the underlying merits of her benefits claim first, and on the timeliness of her request for reconsideration and notice of appeal second. Appellant's Br. 1–2. Regarding Ms. Miller's arguments that the Veterans Court did not provide her with a fair and impartial consideration of the medical evidence submitted, we note that the governing law does not allow us to review her arguments. 38 U.S.C. § 7292(c); *see also Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010).

Regarding the timeliness of her appeal, although Ms. Miller argues that she filed her notice of appeal and request for reconsideration in a timely manner, this does not change the result here. Under the relevant statute, the Veterans Court can only hear "final" Board decisions. 38 U.S.C. § 7266(a). But by the mere filing of her request for reconsideration, the Board's decision was made no longer final. *Linville v. West*, 165 F.3d 1382, 1386 (Fed. Cir. 1999) (citation omitted); *see also Fithian v. Shinseki*, 24 Vet. App. 146, 149 (2010). Thus, the Veterans Court could not hear Ms. Miller's appeal after she filed her reconsideration request.

Accordingly, we affirm the Veterans Court's dismissal for lack of jurisdiction. As the Veterans Court noted, however, Ms. Miller may appeal the Board's decision to the Veterans Court within a renewed 120-day period if

the Board denies her request for reconsideration. *See Rosler v. Derwinski*, 1 Vet. App. 241, 249 (1991).

## AFFIRMED

### COSTS

The parties shall bear their own costs.