Alumay B. PULAC, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 96–1166.

United States Court of Veterans Appeals.

Jan. 3, 1997.

Before NEBEKER, Chief Judge, and KRAMER and FARLEY, Judges.

## ORDER

PER CURIAM.

In a decision dated July 18, 1996, the Board of Veterans' Appeals (BVA) denied the appellant's claim for entitlement to service connection for the cause of the veteran's death. On September 5, 1996, the appellant filed a motion for reconsideration with the BVA Chairman. On September 10, 1996, while the motion for reconsideration was still pending at the BVA, the appellant filed a Notice of Appeal (NOA) with this Court.

■ On November 5, 1996, the Secretary moved to dismiss this appeal for lack of jurisdiction. On November 12, 1996, the Court held the Secretary's motion in abeyance, and ordered the Secretary promptly to notify the Court when the BVA Chairman acts on the appellant's motion for reconsideration. On November 22, 1996, the Secretary filed a motion to vacate the Court's November 12, 1996, order, and renewed his motion to dismiss this appeal. As grounds for his motion, the Secretary states that absent a final BVA decision, this Court has no jurisdiction over this matter and must dismiss the case. The Secretary further argues that, lacking jurisdiction, the Court was without authority to issue its November 12, 1996, order.

The Veterans Consortium Pro Bono Program has filed a motion for a limited appearance and for a stay of proceedings until January 31, 1997.

■ When the appellant files a motion for reconsideration with the Board within the 120–day judicial appeal period, the finality of that BVA decision is abated. *Rosler v. Derwinski,* 1 Vet.App. 241 (1991). Any NOA filed after the motion for reconsideration is filed but before it is decided is premature. It does not become effective unless and until the Chairman denies the motion, if the NOA is still pending before the Court at that time. *Wachter v. Brown,* 7 Vet.App. 396 (1995).

Given that there is no final BVA decision in this matter, there is no appeal before the Court over which it could exercise its jurisdiction.

Upon consideration of the foregoing, it is

ORDERED that the Court's November 12, 1996, order is revoked. It is further

ORDERED that this appeal is DISMISSED for lack of jurisdiction. This dismissal is without prejudice to any timely appeal the appellant may wish to take should she be aggrieved after action by the Chairman upon the motion for reconsideration. Because the Court lacks jurisdiction over this appeal, it lacks jurisdiction to act upon the motion of the Veterans Consortium Pro Bono Program.