George W. MARTIN, Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Appellee.

No. 96–342.

United States Court of Veterans Appeals.

Feb. 24, 1997.

Before KRAMER, FARLEY, and STEINBERG, Judges.

## ORDER

PER CURIAM.

The facts underlying the jurisdictional dispute in this case appear to be largely undisputed by the parties. On October 30, 1995, the Board of Veterans' Appeals (Board or BVA) issued a negative decision in the appellant's case and mailed a copy of its decision directly to the appellant and to the appellant's representative in accordance with 38 U.S.C. § 7104(e). On February 5, 1996, the Court received a copy of a letter (dated January 30, 1996) from the appellant, pro se, directed to the BVA requesting reconsideration of the October 1995 BVA decision; the last page of this letter noted that a copy of it was also addressed to the Department of Veterans Affairs (VA) General Counsel's office (OGC).

On April 12, 1996, the appellant, through counsel, filed a Notice of Appeal (NOA) from the October 1995 BVA decision. The appellant's NOA thus was received by the Court more than 120 days after the BVA mailed notice of its decision.

On May 22, 1996, the Court ordered the appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. On September 3, 1996, the appellant, through counsel, filed a response to the Court's order. In his response, he moves to have the Court consider his letter of January 30, 1996, as a timely NOA or, in the alternative, a motion filed with the BVA, within the 120–day judicial-appeal period, for its reconsideration of its October 1995 decision. In his December 19, 1996, response, the Secretary reports that the January 30, 1996, letter was not received by the BVA or by the OGC but that a copy of that letter was forwarded to the BVA by the OGC on October 10, 1996, apparently pursuant to the presently-docketed matter. The Secretary moves to dismiss this appeal for lack of jurisdiction due to an untimely NOA. The Secretary argues that the January 30, 1996, letter is not a timely NOA but rather a motion for reconsideration addressed to the BVA.

The ultimate burden of establishing jurisdiction rests with the appellant. *See McNutt v. G.M.A.C.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). To have been timely filed under 38 U.S.C. § 7266(a) and Rule 4 of this Court's Rules of Practice and Procedure, an NOA must have been received by the Court (or, in certain circumstances, deemed so received) within 120 days after notice of the BVA decision was mailed to an appellant. *See Butler v. Derwinski*, 960 F.2d 139, 140–41 (Fed.Cir. 1992). This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178–79, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski*, 928 F.2d 392, 393–94

(Fed.Cir.1991); *Skinner v. Derwinski*, 1 Vet. App. 2, 3 (1990); *Dudley v. Derwinski*, 2 Vet.App. 602 (1992) (en banc per curiam order).

██ Rule 3(c) of this Court's Rules of Practice and Procedure requires that an NOA name the party or parties taking the appeal, designate the BVA decision being appealed, and include the address of the appellant and any representative. The appellant's January 30, 1996, letter satisfies these requirements. However, under applicable law, to be a valid NOA a document must make clear an "intent to seek Court review", although "an NOA need not contain a literal statement that a BVA decision is being appealed to the Court". *Calma v. Brown*, 9 Vet.App. 11, 15 (1996) (citing *Chadwick v. Derwinski*, 1 Vet.App. 74, 76 (1990)); *see also Perez v. Brown*, 9 Vet.App. 452, 455–56 (1996). In the instant case, the appellant mailed to the Court a copy of his January 30, 1996, letter, addressed to the BVA and requesting "reconsideration" by the Board. That letter neither requests review by the Court nor anywhere in the text of the letter directly or indirectly refers to the Court. The Court holds that the motion for BVA reconsideration received by the Court in February 1995 was not a valid NOA and that the appellant has not met the burden of demonstrating that an NOA was filed with this Court within 120 days after the date of mailing of notice of the BVA decision. *See Perez, supra* (Court not prepared to hold "that any communication addressed to the Court referring to a claim for VA benefits would be an NOA as to a BVA decision within the meaning of the statute [§ 7266(a) ]").

In *Rosler v. Derwinski*, this Court held that if, following an initial final BVA decision and before filing an NOA with the Court, the claimant files a motion for reconsideration with the BVA during the 120–day judicial appeal period, the finality of the initial BVA decision is abated by that motion for reconsideration. *Rosler*, 1 Vet.App. 241, 249 (1991). "A new 120–day period begins to run on the date on which the BVA mails to the claimant notice of its denial of the motion to reconsider...." *Ibid.* Any NOA is premature if filed while a motion for BVA reconsideration is pending, because the finality of the underlying BVA decision has been abated by the pending motion for reconsideration. *See Pulac v. Brown*, 10 Vet.App. 11, 12 (1997) (per curiam order); *Dudnick v. Brown*, 9 Vet.App. 397, 397–98 (1996); *Wachter v. Brown*, 7 Vet.App. 396, 397 (1995); *Rosler, supra.*

██ In the instant case, the appellant has argued that his motion for reconsideration was filed within the judicial appeal period in a way sufficient to toll the underlying appeal period. The Secretary denies that the motion was received by the BVA within that 120–day period, although it is plain that the BVA is presently in receipt of the motion. However, even if the Court were to conclude that the January 1996 motion for reconsideration *was* received by the Board within that period, the Court would lack jurisdiction over this appeal because there has not yet been a decision on that motion that would restore finality to the underlying, October 1995 BVA decision. *See Pulac, supra.* Thus, until a decision is rendered on the motion for reconsideration presently in the Board's possession and the appellant files an NOA thereafter if the motion is denied, the Court lacks jurisdiction to remand the matter or to determine whether the copy of the motion for BVA reconsideration that the Court received on February 5, 1996, was filed within the 120–day period in such a way as to preserve the opportunity to a file a timely NOA with this Court. *See Rosler, supra.*

The Court finds that oral argument would not materially assist in the disposition of this appeal. *See Beaty v. Brown*, 6 Vet.App. 532, 539 (1994).

On consideration of the foregoing, it is

ORDERED that the appellant's request for oral argument is denied. It is further

ORDERED that the Secretary's motion is granted and that the appeal is DISMISSED, without prejudice, for lack of subject-matter jurisdiction.