PER CURIAM.
John DeMontmollin appeals the judgment of the Court of Appeals for Veterans Claims (“Veterans Court”), granting the government’s motion to dismiss and denying his motion to recall mandate and vacate a previous judgment. DeMontmollin v. Principi, No. 01-1061, 2002 WL 714123 (Vet.App. Feb. 27, 2002). Because the Veterans Court failed to address an issue necessary to its jurisdiction, we vacate and remand.
I
During his military service in World War II, Mr. DeMontmollin was held as a prisoner of war (“POW”) for over two years by the Nazi regime. This experience left him with physical disabilities such as stomach disorders and frostbite compli *930 cations, as well as severe psychiatric conditions.
In 1982, when Mr. DeMontmollin filed a claim for various service-connected conditions, the agency only awarded him a 10 percent rating for anxiety disorder, but denied the request related to residual frostbite. After repeated requests, the agency granted him, in 1988, an additional 10 percent rating for service-connected residual frostbite. Although multiple examinations over the years indicated that Mr. DeMontmollin had developed psychiatric conditions that prevented him from obtaining employment, no further rating assignment occurred until 1995. After a July 1995 medical evaluation confirmed that he suffered from generalized anxiety disorder with post-traumatic stress disorder (“PTSD”), the agency increased his disability evaluation by 30 percent. Mr. De-Montmollin again filed an informal claim related to his service-connected psychiatric disability, and a 1997 medical examination confirmed that he exhibited numerous psychiatric symptoms that were connected with his POW experience and that limited his cognitive abilities. A subsequent examination in January 1998 confirmed that he suffered from PTSD, which led the agency to increase the veteran’s disability rating to a total of 50 percent. On appeal, the Board of Veterans’ Appeals (“Board”) assigned him a 100 percent disability evaluation for his service-connected psychiatric disability, but declined to make the award retroactive. The Board issued its final determination on July 21,1999.
Mr. DeMontmollin disagreed with the Board’s denial of retroactivity. On August 3, 1999, the Board received two letters from Mr. DeMontmollin inquiring why he did not receive earlier effective dates for his 100 percent disability rating. Then, on August 9, 1999, the veteran filed a notice of appeal with the Veterans Court. Despite the pending appeal, the agency’s Wisconsin Regional Office responded to Mr. DeMontmollin’s letters by correspondence dated September 13,1999. After summarizing the Board’s decision, the agency informed him that he may either dispute the effective date for the 100 percent PTSD award by notifying the agency by August 2, 2000, or appeal the denial of earlier effective dates for the anxiety disorder and residual frostbite ratings by complying with appellate procedures. Ten months later, on June 1, 2000, the Veterans Court affirmed the Board’s 1999 decision.
On July 13, 2000, Mr. DeMontmollin asked the Board to reconsider its 1999 decision, but the Board’s Chairman denied that request on September 6, 2000. On June 17, 2001, the Veterans Court received a second notice of appeal from Mr. DeMontmollin stating that he was appealing the September 6, 2000, Board decision. The agency moved to dismiss the second appeal. On September 13, 2001, the veteran’s newly retained counsel filed a response to the agency’s motion, consenting to a dismissal without prejudice. Mr. De-Montmollin’s attorney also filed a motion to recall the Veterans Court’s judgment and mandate, and to set aside the June 1, 2000, decision, on the basis that the August 3, 1999, correspondence constituted a motion for reconsideration.
On February 27, 2002, the Veterans Court issued an order granting the agency’s motion to dismiss and denying Mr. DeMontmollin’s motion to recall and set aside the June 1, 2000, ruling. The court first ruled that it lacked jurisdiction over the Board’s September 6, 2000, denial of reconsideration,. because the appeal was untimely filed. It then rejected Mr. De-Montmollin’s appeal of the 1999 Board decision, reasoning that there is no Board decision left to appeal since the June 1, 2000, ruling by the Veterans Court super *931 seded the 1999 Board decision. Finally, although acknowledging that it would be a “close call” to determine whether Mr. De-Montmollin’s letters constituted a motion for reconsideration, the court declined to vacate its previous judgment based on res judicata. Mr. DeMontmollin, again acting pro se, seeks review in this court.
II
A
Our jurisdiction to review decisions of the Veterans Court is limited to “any challenge to the validity of any statute or regulation or any interpretation thereof ... and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision.” 38 U.S.C. § 7292(c) (2000). Furthermore, unless a constitutional issue is at stake, our jurisdiction does not extend to appeals objecting either to factual determinations or to the law as applied to the facts of a particular case. Id. § 7292(d)(2). Within those limited jurisdictional confines, we may hold unlawful and set aside any regulation or any interpretation (other than a determination as to a factual matter) that we find to be “arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.” Id. § 7292(d)(1)(A). The jurisdictional reach of the Veterans Court presents a question of law for our plenary review. See Wick v. Brown, 40 F.3d 367, 370 (Fed.Cir.1994).
B
Contrary to the government’s assertions, we have jurisdiction over this appeal. We may review a denial of a request to recall the Veterans Court’s mandate and set aside a judgment, because that decision involved that court’s jurisdiction and authority to adjudicate. Maggitt v. West, 202 F.3d 1370, 1379 (Fed.Cir.2000) (finding jurisdiction over a Veterans Court’s denial of a motion to recall judgment, stay issuance of mandate, and remand the ease to the Board). As we explained in Maggitt:
We are not reviewing whether the Board’s decision on this issue is correct. We are simply asked to decide if the Veterans Court abused its discretion when it denied the remand motion. The Veterans Court derives its authority to remand matters to the Board from 38 U.S.C. § 7252(a) (1994), which expressly authorizes the court to “remand the matter, as appropriate.” That statute concerns the jurisdiction of the Veterans Court and authority of the court to exercise it. We have previously held that issues of the Veterans Court’s jurisdiction invoke our appellate responsibility, see Ephraim v. Brown, 82 F.3d 399, 400 (Fed.Cir.1996), and we may subject such issues to appropriate appellate review.
Id. at 1379-80. Because the Veterans Court’s denial of Mr. DeMontmollin’s motion to recall the mandate and vacate judgment involves that court’s jurisdiction, a matter of statutory interpretation within our purview, we may address the merits of this appeal.
III
In denying the motion to recall the mandate and vacate judgment, the Veterans Court declined to address whether the August 3, 1999, letters constituted a motion for reconsideration, a determination the court acknowledged to be a “close call.” Because that determination affects the finality of the Board’s decision and thus the Veterans Court’s jurisdiction over the appeals, the court erred in not addressing that issue.
For a claimant to appeal a Board’s decision to the Veterans Court pursuant to 38 U.S.C. § 7266(a), that decision must be final and the person adversely affected by *932 that decision must file a timely notice of appeal with the court. See Bailey v. West, 160 F.3d 1360, 1363 (Fed.Cir.1998) (en banc). However, a notice of appeal filed after a motion for Board reconsideration is submitted is premature, because “the finality of the initial [Board] decision is abated by that motion for reconsideration.” Rosler v. Derwinski 1 Vet.App. 241, 249 (1991). The finality of the decision is restored only when the Board Chairman denies the motion for reconsideration or when the appellant withdraws the motion. See Wachter v. Brown, 7 Vet.App. 396, 397 (1995). Because a Board decision abated by a motion for reconsideration is not final, there is no appeal over which the Veterans Court may exercise jurisdiction. Pulac v. Brown, 10 Vet.App. 11, 12 (1997).
In this case, if the August 3, 1999, letters constituted a motion for reconsideration, that motion- remains pending before the Board, since the record does not reflect any decision by the Board’s Chairman on those letters. The pending motion would render the 1999 notice of appeal premature and deprive the Veterans Court from jurisdiction to issue its June 2000 ruling. Without the June 2000 ruling as res judicata for the February 2002 order, that latter order would lose its adjudicatory predicate and be legally erroneous. However, if those letters did not satisfy the prerequisites of 38 C.F.R. § 20.1001 for a motion for reconsideration, the Veterans Court properly exercised jurisdiction over the 1999 appeal. This appeal-and the validity of the two Veterans Court orders in this case-turns on whether the August 3, 1999, letters constituted a motion for reconsideration.
Accordingly, whether the Veterans Court had jurisdiction to issue its June 2000 decision is a question that must be addressed before the Veterans Court may give res judicata effect to that decision. If the Veterans Court was powerless to issue the June 2000 decision, that decision cannot qualify for res judicata implementation. Here, the Veterans Court relied on the June 2000 ruling without first assuring itself of its authority to issue that decision, notwithstanding the urging by Mr. De-Montmollin that the court indeed lacked jurisdiction to issue its June 2000 decision.
Because its jurisdiction derives from a congressional statutory grant of authority, the Veterans Court “must ensure that it has jurisdiction over each case before adjudicating the merits.” Barnett v. Brown, 83 F.3d 1380, 1383 (Fed.Cir.1996). This it failed to do when it declined to determine whether those letters constituted a motion for reconsideration. Because that determination requires an application of undisputed law to the facts of the case, we decline to address that question here and remand to the Veterans Court for proper adjudication.
We therefore vacate the appealed judgment and remand for further proceedings consistent with this opinion. Because the Veterans Court’s jurisdiction to issue its June 2000 decision has yet to be determined, it shall recall its mandate and then adjudicate whether the August 3, 1999, letters constituted a motion for reconsideration. In addressing that issue, the Veterans Court shall construe pro se pleadings liberally as required by precedent, see Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980), Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), and resolve any ambiguities regarding its statutorily-granted adjudicatory authority against the assumption of jurisdiction, see Livingston v. Derwinski 959 F.2d 224, 225 (Fed.Cir.1992).