**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 14-2751

ROGELIO C. GOMEZ,                                                      APPELLANT,

      V.

ROBERT A. MCDONALD,
SECRETARY OF VETERANS AFFAIRS,                          APPELLEE.

Before KASOLD, LANCE, and BARTLEY *Judges*.

**O R D E R**

Before the Court is the issue of whether the appellant's August 15, 2014, Notice of Appeal (NOA) of a June 18, 2013, Board of Veterans' Appeals (Board) decision is timely, including whether a July 9, 2013, motion that he filed with the Board, and which the Board then forwarded to a VA regional office (RO), abated the finality of the June 2013 Board decision. For the reasons that follow, the Court determines that the finality of the June 2013 Board decision was abated until the Board determined in October 2014, after the appellant filed his August 2014 NOA, that his July 2013 submission was not a motion for reconsideration. The Court will extend the holding of *Ratliff v. Shinseki,* 26 Vet.App. 356 (2013), to written expressions of disagreement filed at the Board, conclude that the August 2014 NOA was filed prematurely, and now accept it as timely under *Wachter v. Brown,* 7 Vet.App. 396 (1995).

**I. BACKGROUND**

On June 18, 2013, the Board issued a decision denying entitlement to an initial disability rating in excess of 40% for service-connected degenerative joint disease and degenerative disc disease, as well as to a total disability rating based upon individual unemployability. On July 9, 2013, the appellant, then pro se, filed a motion with the Board, titled "Motion for Revision of Board June 18, 2013 Decision Pursuant to Subpart-O Section 20.1400 Rule 1400 (Rule A&B) Inextricably Intertwined." On August 15, 2014, the appellant filed an NOA with the Court, more than 120 days after the date the Board mailed the June 2013 decision. *See* 38 U.S.C. § 7266(a). The appellant explained that his NOA was untimely because the Board "refused to reply to [his] Motion for Reconsideration received by the Board on July 9, 2013." Aug. 15, 2014, NOA.

On September 26, 2014, the Court ordered the Secretary to file a preliminary record indicating whether VA had received the appellant's July 2013 motion and, if so, to advise the Court as to the motion's current status. The Secretary responded on October 27, 2014, with a declaration from the Board's Principal Deputy Vice Chairman, Bruce Gipe, as to the status of the appellant's motion. Mr. Gipe acknowledged that the Board received the appellant's motion on July 9, 2013, but stated that "a member of the Board's mail room staff incorrectly noted that the document was dated

February 15, 2012 . . . [and] erred in characterizing the correspondence as a statement to be forwarded to the RO for association with the claims file, rather than as a motion to be addressed by the Board." Secretary's Oct. 27, 2014, Response (Resp.), Exhibits (Exs.) at 2. Attached to the declaration was a communication to the Director of the Waco RO from Mr. Gipe, in which he stated that the appellant's letter was being forwarded "for your information and any necessary action." *Id*., Ex. A. at 5. Apparently, the RO took no action with regard to Mr. Gomez's submission beyond associating it to his claims file. *See id*., Exs. at 2.

In his declaration, Mr. Gipe further determined that the appellant's July 2013 submission was, in fact, a motion to revise the Board decision on the basis of clear and unmistakable error (CUE). He cited 38 C.F.R. § 20.1404(e) for the proposition that "motions to revise Board decisions on the basis of CUE may not also be considered motions for reconsideration of the Board decision." *Id*. at 3. Finally, Mr. Gipe asserted that "[n]o motions for reconsideration of the Board's June 2013 decision have been received by the Board." Secretary's Oct. 27, 2014, Resp. at 2, Exs. at 3.

On November 24, 2014, the Court ordered the appellant to show cause why his appeal should not be dismissed. The appellant responded on December 1, 2014, asserting that he submitted a timely motion for reconsideration, which the Board had failed to adjudicate. *See* Appellant's Dec. 1, 2014, Resp. at 1-2. On May 21, 2015, the Court submitted this case to a panel for decision, stayed the matter to permit the appellant to obtain representation, and noted that an issue before the Court was whether the appellant's July 2013 motion abated the finality of the June 2013 Board decision for the purpose of timely filing an NOA. *Gomez v. McDonald*, No. 14-2751 (Vet. App. May 21, 2015) (unpublished order).

On June 19, 2015, the Secretary filed a motion to dismiss or, alternatively, to deem the appellant's NOA timely. In his motion, the Secretary asserts that the "[a]ppellant properly, and correctly, filed his 'written expression of disagreement' with the Board in July of 2013," thereby "abat[ing] the finality of the [Board] decision on appeal, for the Court's jurisdictional purposes, until the [Board] Chairman, or the Court, determines that the written disagreement was a motion for Board reconsideration." Secretary's June 19, 2015, Motion (Mot.) at 3 (citing *Ratliff*, 26 Vet.App. at 360). He asks the Court to "dismiss the instant appeal based upon [the a]ppellant's pending motion for [Board] reconsideration of the Board decision on appeal." *Id*. at 7; *see Pulac v. Brown*, 10 Vet.App. 11 (1997) (per curiam order) (holding that an NOA filed while a motion for Board reconsideration is pending is premature, as "there is no appeal before the Court over which it could exercise its jurisdiction" (citing *Wachter*, 7 Vet.App. at 396)). Alternatively, the Secretary asserts that the appellant's NOA "should be deemed timely filed with the Court, under an equitable tolling analysis." Secretary's June 19, 2015, Mot. at 7.

On August 13, 2015, the appellant, now represented, filed a response to the Secretary's motion to dismiss, arguing that the Secretary's motion should be denied. In it, he asserts that his July 2013 motion abated the finality of the Board decision and that his prematurely filed NOA became effective when Mr. Gipe determined on October 27, 2014, that the July 2013 motion was not a motion for reconsideration. Appellant's Aug. 13, 2015, Resp. at 6-8; *see Ratliff*, 26 Vet.App. at 360 (holding that a written expression of disagreement "abates finality of the Board decision . . . until . . .

2

the Board Chairman determines the status of the document . . . and notifies the claimant of his determination"). Alternatively, the appellant argues that, should this Court determine that his July 2013 filing is a motion for reconsideration, the Court should instruct the Secretary to rule on the motion for reconsideration within 30 days (if the Court finds that the motion is pending), or accept his NOA as timely under an equitable tolling analysis (if the Court determines that the motion was constructively denied). Appellant's Aug. 13, 2015, Resp. at 8-10.

## II. ANALYSIS

To be timely, an NOA must be filed with this Court within 120 days after the date the Board decision was mailed to the appellant. 38 U.S.C. § 7266(a); U.S. VET. APP. R. 4(a). However, a motion for Board reconsideration filed within the 120-day judicial appeal period abates the finality of the Board decision for purposes of appealing to the Court. *See Rosler v. Derwinski*, 1 Vet.App. 241, 243-44 (1991); 38 C.F.R. § 20.1001(a) (2015). The appellant then has a new 120-day period following the Board Chairman's denial of reconsideration in which to file an NOA with the Court or a new motion for reconsideration with the Board. *See Rosler*, 1 Vet.App. at 249. This Court has the authority, "in determining whether a timely NOA has been filed, to also determine whether a document is a motion for reconsideration." *Fithian v. Shinseki*, 24 Vet.App. 146, 157 (2010).

In *Ratliff*, the Court acknowledged the Secretary's policy to treat all "written expressions of disagreement" with a Board decision filed at the RO as potential motions for Board reconsideration and to forward them for the Board to determine whether they are actual motions for reconsideration. 26 Vet.App. at 360–61. Specifically, the Court held that

> when a written expression of disagreement with a Board decision is filed at the RO during the 120-day period to file an NOA, it abates finality of the Board decision for purposes of appealing to the Court until one of the following actions is taken: (1) The Secretary determines the written disagreement is an NOA and returns it to the claimant with information concerning the proper location to lodge an appeal or forwards it to the Court and so notifies the claimant; (2) *the Board Chairman determines the status of the document, that is, whether it is considered a motion for Board reconsideration or not, and notifies the claimant of its determination*; or (3) the claimant files an NOA with the Court and, assuming that the Court becomes aware that prior to the filing of the NOA a written disagreement was filed with the RO within the Court's appeal period, determines that the written disagreement was a misfiled NOA and not a motion for Board reconsideration. *Cf. Posey* [*v. Shinseki*, 23 Vet.App. 406, 409 (2010),] and *Boone* [*v. Shinseki*, 22 Vet.App. 412, 414 (2009)]; *cf. Wachter v. Brown*, 7 Vet.App. 396, 397 (1995) (per curiam order) (holding that a premature NOA became effective upon the Chairman's denial of a motion for Board reconsideration).
>
> [The court further held] that if the Secretary returns the written disagreement to the claimant or the Board determines that the written disagreement does not constitute a motion for Board reconsideration, the Secretary must notify the claimant that the Board decision, as of the date of notification to the claimant, is now deemed final and

that the claimant has a new 120-day appeal period beginning with the date of the mailing of the notification.

*Ratliff*, 26 Vet.App. at 360–61 (emphasis added).

The appellant's July 2013 submission is styled as a motion for revision on the basis of CUE. *See* Secretary's Oct. 27, 2014, Resp., Exs. at 7; *but see May v. Nicholson*, 19 Vet.App. 310, 317 (2005) (holding that "a CUE [motion] (or any collateral attack) *cannot lie as to a decision that is still open to direct review*"). Nevertheless, the Secretary characterizes the July 2013 submission as a "written expression of disagreement" with the June 2013 Board decision and asks the Court to dismiss the appeal under *Rosler* "based upon the appellant's pending *motion for reconsideration*." Secretary's June 19, 2015, Mot. at 3, 7 (emphasis added). The appellant also characterizes his July 2013 submission as a "written expression of disagreement." Appellant's August 13, 2015, Resp. at 1-2, 6. Our dissenting colleague correctly maintains that the parties' agreement as to the nature of the appellant's July 2013 submission is not *binding* on the Court. *See Copeland v. Shinseki*, 26 Vet.App. 86, 90 n. 4 (2012) (noting that the parties' agreement is not binding on the Court); *but see Checo v. Shinseki*, 748 F.3d 1373, 1378 n.5 (Fed. Cir. 2014) (questioning the Veterans Court's reluctance to accept the Secretary's concession of extraordinary circumstance element in equitable tolling case). However, because Mr. Gomez's July 2013 submission was in writing and expressed disagreement with the June 2013 Board decision, *see* Secretary's October, 27, 2014, Resp. Exs. at 31-37, the Court finds no basis to *reject* the parties' characterizations of the July 2013 submission as a written expression of disagreement with the June 2013 Board decision and subject to *Ratliff*.[1]

Although the Secretary's October 27, 2014, response included a declaration from Mr. Gipe stating that "motions to revise Board decisions on the basis of CUE may not also be considered motions for reconsideration of the Board decision," *see* Secretary's Oct. 27, 2014, Resp., Ex. at 3, the Court notes that the regulation cited by the Principal Deputy Vice Chairman was misquoted and contains no prohibition against a Board CUE motion being considered a Board motion for reconsideration. 38 C.F.R. § 20.1404(e) (2015). Section 20.1404(e) instead provides that a Board motion for reconsideration will not be considered a CUE motion. *Id.* That there is no regulation

---

[1] Despite our dissenting colleague's principled assertion that an appellant has the right to pursue any available route in prosecuting his or her claim, given the pro-veteran nature of the VA claims adjudication system, it would simply be illogical to liberally construe a pro se veteran's submission in a way that would forfeit the right to *direct review* of a Board decision in exchange for review under the much higher scrutiny of a CUE motion at a later date. *See Robinson v. Shinseki*, 557 F.3d 1355, 1358-59 (Fed. Cir. 2009) (noting that "the Board has a special obligation to read pro se filings liberally"); *Evans v. Shinseki*, 25 Vet.App. 7, 14 (2011) (noting the "veteran-friendly, non-adversarial" nature of the VA benefits system); *Calma v. Brown*, 9 Vet.App. 11, 15 (1996) (explaining that it is the Court's practice to liberally construe the pleadings of pro se litigants); *see also Berger v. Brown*, 10 Vet.App. 166, 169 (1997) ("[T]he appellant, who always bears the burden of persuasion on appeals to this Court, bears an extra-heavy burden when the appeal is a collateral attack, in the form of a CUE [motion] . . .. A final decision is entitled to a strong presumption of validity."); *cf. Pederson v. McDonald*, 27 Vet.App. 276, 291 (2015) (Lance J. concurring) ("It is not immediately clear why an appellant would make a knowing and voluntary litigation choice *not* to raise even a colorable argument on direct appeal, only to preserve the right to bring a collateral attack under a much higher standard of proof at a later date.").

prohibiting the Secretary from considering a Board CUE motion as a motion for Board reconsideration, or as a potential motion for Board reconsideration, provides this Court with a further basis to accept the July 2013 motion, per the parties' characterizations, as, at minimum, a potential motion for reconsideration.

We note that this Court's holding in *Ratliff* appears to be limited to written expressions of disagreement "filed at the RO." *Ratliff*, 26 Vet.App. at 360. However, "the jurisprudence of this Court and the [U.S. Court of Appeals for the] Federal Circuit has consistently acknowledged VA as one entity for pleading purposes." *Fithian*, 24 Vet.App. at 152. Thus, whether a written expression of disagreement is filed at the RO or at the Board is immaterial to how VA should act. *See Jaquay v. Principi*, 304 F.3d 1276, 1287 (Fed. Cir. 2002) (holding that the language of 38 C.F.R. § 20.1001, stating that motions for reconsideration "must be filed at the following address," is merely for the administrative convenience of the Board); *Boone v. Shinseki*, 22 Vet.App. 412, 414 (2009) ("The Board is not an independent entity, but is part of VA and, subject to limitations expressed by statute, is under the control of the Secretary."); *Kouvaris v. Shinseki*, 22 Vet.App. 377, 381 (2009) (citing *Jaquay* for the proposition that "strict compliance as to where within the Board, or even within VA, the motion for reconsideration must be filed is not required"). Accordingly, the Court extends the reasoning of *Ratliff* to written expressions of disagreement with a Board decision filed at the Board in addition to those filed at the RO. *See Jaquay* 304 F.3d at 1287; *Boone*, 22 Vet.App. at 414.

Although we here extend the holding in *Ratliff* to written expressions of disagreement filed at the Board, we note that the Principal Deputy Vice Chairman's October 2014 declaration and attached exhibit indicates that Mr. Gomez's July 2013 submission, although received by the Board, was then forwarded to the Waco RO "for any necessary action." Secretary's Oct. 27, 2014, Resp. Ex. A. at 5. The Principal Deputy Vice Chairman indicated that a member of the Board's mail room staff incorrectly transcribed the document's date and erred in characterizing the correspondence, but such Board error does not absolve the RO from reviewing the contents of the submission and, if warranted, taking action, including, but not limited to, such actions as are required by *Ratliff*; in fact, the Board's referral letter requesting that the RO take "any necessary action" indicated as much. *Id.*

Our holding today does not conflict with *May*, 19 Vet.App. at 320, which requires, assuming a timely NOA to the Court is filed, that a CUE motion received by the Board within the Court's 120-day appeal period be held until judicial proceedings are complete. Therefore, should the Board receive a written expression of disagreement that it determines is a motion for revision of a Board decision based on CUE, which did not occur in this case and, assuming a timely NOA is filed with this Court, the motion must be held until judicial proceedings are complete. *Id*. (construing 38 C.F.R. § 20.1410 as providing that "upon receipt of a premature CUE [motion], the Board must hold the [motion] and not file it at that time and then, upon expiration of the 120-day judicial appeal period" file the CUE motion where no NOA is filed; or, "upon the conclusion of court action, decide whether filing the motion at that time would be consistent with §§ 20.1400(a) and 20.1400(b)"); *see* 38 C.F.R. § 20.1404 (providing pleading requirements for a motion for revision of a Board decision

based on CUE).

On the other hand, should the Board receive a written expression of disagreement that it determines is not a CUE motion, the process set forth in *Ratliff* applies and the finality of the Board decision is abated until that process is complete, at which point a new 120-day appeal period begins. *Ratliff,* 26 Vet.App. at 360. Because we accept the parties' representations that the July 2013 submission was a written submission of disagreement with a Board decision, i.e., a potential motion for reconsideration as per *Ratliff*, Mr. Gomez's appeal does not present the situation extant in *May.* Nor does it present for consideration the question of whether filing a motion for revision of a Board decision based on CUE might abate the finality of an underlying Board decision for purposes of filing a timely NOA, and we render no opinion on that issue.

Although our colleague is critical of our extension of *Ratliff* to written expressions of disagreement filed at the Board, this extension will have minimal impact. *Ratliff* already requires that an RO forward written expressions of disagreement to the Board Chairman, who is to "determine[] the status of the document, that is, whether it is considered a motion for Board reconsideration or not, and notif[y] the claimant of its determination." *Ratliff*, 26 Vet.App. at 360-61.

As discussed above, *Ratliff* held that a written expression of disagreement "abates the finality of the Board decision until one of [three listed] actions is taken," at which point a new 120-day appeal period begins. *Id*. at 360. Here, the Court accepts the parties' characterizations of the July 2013 submission as a written expression of disagreement with the June 2013 Board decision and notes that the Board's Principal Deputy Vice Chairman has determined that the July 2013 submission was not a motion for reconsideration, and that the Secretary's October 27, 2014, Response informed the appellant of this determination. That determination and the October 2014 notice to the appellant satisfy the requirements set forth in *Ratliff*. *See* 26 Vet.App. at 360. Accordingly, the appellant's premature NOA became effective on October 27, 2014, thereby vesting the Court with jurisdiction over this matter. *See Wachter*, 7 Vet.App. at 397. The Court will, therefore, accept the appellant's NOA as timely.

Upon consideration of the foregoing it is

ORDERED that the Secretary's motion to dismiss the appeal is DENIED. It is further

ORDERED that the appellant's August 15, 2014, NOA is accepted as timely. It is further

ORDERED that, within 30 days after the date of this order, the Secretary serve the appellant a copy of the record before the agency and file the appropriate notice with the Court. *See* U.S. VET. APP. R. 10(a).

6

KASOLD, *Judge*, dissenting. On its face, the appellant's July 2013 motion clearly is a motion for revision, not a possible motion for Board reconsideration. It not only is styled as a motion for revision, but the content of the motion references clear and unmistakable error, as well as subpart O and § 20.1400, and it makes no reference to a motion for reconsideration or the regulatory sections governing reconsideration. Moreover, this motion was the appellant's only submission during the 120-day appeal period.[2] Although the appellant stated on his NOA that he had filed a "motion for reconsideration" with the Board, this re-classification of his motion for revision was made well beyond the 120-day period; the majority make no mention of this fact, nor do they explain why such a re-classification is appropriate at this late stage. *See Fugere v. Derwinski*, 1 Vet.App. 103, 105 (1990) ("Advancing different arguments at successive stages of the appellate process . . . hinders the decisionmaking process and raises the undesirable specter of piecemeal litigation."), *aff'd*, 972 F.2d 331 (Fed. Cir. 1992). Significantly, this delayed re-classification does not change the fact that a motion for revision, and not a motion for reconsideration, is what the appellant filed with the Board, as so found by the Principal Deputy Vice Chairman.[3] *See* Secretary's Oct. 27, 2014, Resp. at 2, Exs. at 3 ("No motions for reconsideration . . . have been received by the Board.").

All appellants – whether pro se or represented – have the right to pursue any available route to contest a Board decision. *See MacKlem v. Shinseki*, 24 Vet.App. 63, 69 (2010) (noting that it is an appellant's choice whether or not to file a direct appeal or a motion for revision based on CUE); *cf. King (Earlee) v. Shinseki*, 23 Vet.App. 464, 470 (2010) ("VA has never been obligated to read a claimant's mind . . . "); *see also Voracek v. Nicholson*, 421 F.3d 1299, 1305 (Fed. Cir. 2005) (conducting de novo review of a document clear on its face); *King (Clarence W.) v. Shinseki*, 26 Vet.App. 484, 490 (2014) (document read on its face). When an appellant unequivocally selects a particular route, it is not the Court's role to second-guess that decision. Nor is it the Secretary's

---

[2] The notice how to appeal a Board decision provided to claimants (VA Form 4597) informs them that they have several options to address any disagreement with the Board decision. A claimant may file an NOA with the Court, which must be filed within 120 days of the Board decision. Or, a claimant may file a motion for reconsideration with the Board, or a motion to vacate with the Board, and, if filed within the 120-day appeal period, the claimant can file an appeal as to the Board decision after a decision has been rendered on such a motion. Or, a motion for revision may be filed with the Board at any time; unlike motions for reconsideration or to vacate, VA Form 4597 does not provide that a claimant will be able to file an NOA as to the Board decision after the motion for revision is decided. *See, e.g.,* June 18, 2013, Board Decision, at 37 (VA Form 4597); *see also Eastern Paralyzed Veterans Ass'n, Inc. v. Sec'y of Veterans Affairs*, 257 F.3d 1352, 1359 (Fed. Cir. 2001) (noting that the notice how to appeal provided by the Secretary is adequate); *Cummings v. West*, 136 F.3d 1468, 1474 (Fed. Cir. 1998) (finding notice of appellate rights adequate), *overruled in part on other grounds by Bailey v. West*, 160 F.3d 1360 (Fed. Cir. 1998) (en banc); *Irwin v. Shinseki*, 23 Vet.App. 128, 133-34 (2009) (finding notice of appellate rights adequate). There is no assertion that the appellant failed to receive this notice, and it is clear that he filed a motion for revision.

[3] The majority inexplicably predicate their decision on an incorrect view that the Board did not receive a motion for revision in this case. *See* ante at 5 ("[S]hould the Board receive a written expression of disagreement that it determines is a motion for revision . . . which did not occur in this case . . . .").

role to do so; and there certainly is no basis for accepting an argument presented by the Secretary that is wholly contrary to the facts. *See Copeland v. Shinseki*, 26 Vet.App. 86, 90 n. 4 (2012) (noting that the parties' agreement is not binding on the Court); *cf. BMC Industries v. BARTH Industries*, 160 F.3d 1322, 1337, n.20 (11th Cir. 1998) (noting wide support from the court of "the time-tested adage: if it walks like a duck, quacks like a duck, and looks like a duck, then it's a duck."). This is particularly so when, as here, the matter involves the statutorily "important procedural rule" that NOAs must be filed with the Court within 120 days of a final Board decision. *See* 38 U.S.C. § 7266; *Henderson v. Shinseki*, 562 U.S. 428, 441-42 (2011) (holding that the 120-day period for filing an appeal is not jurisdictional, but it is "nevertheless an important procedural rule"); *Bove v. Shinseki*, 25 Vet.App. 136, 141 (2011) (noting that the Secretary is barred statutorily from appealing a Board decision and that to permit the Secretary to essentially "waive the 120-day filing period would cede some control of the Court's docket to the Secretary and permit arbitrary selection of which veteran's late filing he finds worthy of waiver, a process devoid of consistency, procedural regularity, and effective judicial review").[4]

Inasmuch as the appellant filed a motion for revision with the Board, the question before the Court is whether such a filing within the 120-day appeal period abates finality of the Board decision. On this issue, *May*, 19 Vet.App. at 320, explicitly addresses motions for revision and holds that such motions should be held by the Board until the 120-day appeal period expires and filed thereafter if no NOA is filed in the interim. Implicitly, *May* holds that the filing of a motion for revision does not abate finality, and such a holding should only be overturned by the en banc court. *See Hatch v. Principi*, 18 Vet.App. 527, 532 (2004) (noting that an implicit holding is binding precedent); *Bethea v. Derwinski*, 2 Vet.App. 252, 254 (1992) (panel decisions constitute "binding precedent" unless overturned by en banc opinion of this Court or decision of the Federal Circuit or U.S. Supreme Court); *see also U.S. v. Valladares*, 544 F.3d 1257, 1264-65 (11th Cir. 2008) (noting that a panel is bound by an implicit holding of an earlier panel). Significantly, and contrary to the concern of the majority, an appellant's filing of a motion for revision with the Board does not obstruct his access to the Court; nothing prevents an appellant from timely filing an NOA with the Court within the 120-day appeal period, as all appellants must do absent a showing that equitable tolling is warranted.[5]

---

[4] As the majority note, the Federal Circuit stated in a footnote to its decision in *Checo*, 748 F.3d at 1378 n. 5, that the oral argument before this Court focused heavily on whether the Secretary's concession that the circumstances in that case amounted to an extraordinary circumstance and further noted that the reasons for such focused discussion were not apparent given the general rule that parties can stipulate and admit to matters. Here, I respectfully note that the rationale behind not blindly accepting a concession by the Secretary or an agreement by the parties with regard to the timely filing of an NOA is that such acceptance would amount to allowing the Secretary to control the Court's docket based on unreviewable, potentially arbitrary concessions by the Secretary with negative consequences regarding judicial review and the perceived independence of the Court. *See Bove*, 25 Vet.App. at 141.

[5] Indeed, although a motion for reconsideration abates finality of a Board decision when filed below within the 120-day appeal period and before an NOA is timely filed with the Court, such that the Court lacks jurisdiction over said Board decision (because it is not final), *see Pulac v. Brown*, 10 Vet.App. 11, 12 (1997) (per curiam order), a motion for revision filed within the 120-day appeal period has no such effect; an appellant may timely file his NOA at any time within the 120-day filing period. *Compare Rosler*, 1 Vet.App. at 249, with *May*, 19 Vet.App. at 320.

Essentially dismissing the applicability of *May* because it did not expressly hold that a motion for revision filed at the Board does not abate finality, the majority expand *Ratliff* beyond its terms and rationale. Specifically, *Ratliff* involved a filing at an RO that expressed disagreement with a Board decision and a VA policy regarding such filings. *See Ratliff*, 26 Vet.App. at 358 (noting that "the VA Adjudication Procedures Manual Rewrite (M21–1MR) requires the *RO* to act upon receipt of submissions" expressing disagreement with Board decisions) (emphasis added). *Ratliff* did not address the filing of a clearly stated motion for revision, and it did not address a proper filing at the Board. Indeed, the VA policy underlying *Ratliff* addresses filings at the RO that should have been filed at the Board, not proper filings with the Board. *See id.* Succinctly stated, the VA policy underlying *Ratliff* and the *Ratliff* decision itself have no application to proper filings at the Board.

Moreover – unlike in *Ratliff*, where the Court recognized the Secretary's policy that ROs act on expressions of disagreement (EODs) with a Board decision, and, based on that policy, found that the filing of such an EOD with the RO abated finality of the Board decision until the Board Chairman decided whether the EOD was a motion for Board reconsideration and ruled on that motion, or other, alternative actions were taken, *see Ratliff*, 26 Vet.App at 360,[6] – here, the majority impose a new duty upon the Board with regard to clear requests for revision based on CUE that are received by the Board. Specifically, the Board is now required to notify a claimant that the Board has received the request for revision and presumably inform the claimant that it is not a motion for reconsideration, and further notify the claimant that he has a new 120-day filing period from the date of such notice.[7] No such duty is imposed by statute, regulation, or policy. Certainly, such action is not appropriate or consistent with the designated role of the judiciary. *See Bryant v. Shinseki*, 23

---

[6] Similarly, in *Rosler*, 1 Vet.App. at 243–44, the Court noted the duty of the Board Chairman to render decisions on requests for reconsideration and found that the filing of a request for reconsideration at the Board within the 120-day appeal period abated finality of a Board decision until the Chairman did his duty and rendered a decision on the request for reconsideration.

[7] The "need" to create a new duty for the Board to notify a claimant when a request for revision is received arises from the majority's holding that the filing of a motion for revision within the 120-day appeal period abates the finality of a Board decision. Absent the creation of this notice duty – which is not otherwise in statute, regulation, or policy – and pursuant to the majority's holding today that a motion for revision filed during the appeal period abates finality of the Board decision, the Board decision would remain in an unadjudicated state for an undefined and potentially limitless period – bounded only by when the appellant elected to file his NOA. This would be so without the creation of the notice duty because a motion for revision cannot otherwise be adjudicated until the contested Board decision becomes final, which could not occur because, as the majority now hold, finality is abated when a request for revision is filed with the Board. *See May*, 19 Vet.App. at 317 ("[A] CUE claim (or any collateral attack) cannot lie as to a decision that is still open to direct review. The sole purpose of a CUE claim is to provide a VA claimant with an opportunity to challenge a decision that is otherwise final and unappealable."). Thus, the majority needed to create this new notice requirement in support of their holding that the filing of a motion for revision with the Board within the 120-day appeal period now abates finality, because without that duty, the underlying Board decision could remain abated indefinitely. The need to support a holding by creating a duty not otherwise imposed by statute, regulation, or policy is a strong indication that the holding requiring such action is not well based. This is particularly so, when, pursuant to *May*, finality would attach when the 120-day appeal period passed without an appeal – the circumstances here, and the proper result per our precedential case law.

9

Vet.App. 488, 499 (2010) (noting that "Congress or the Secretary might create such a duty [not imposed by regulation or statute], but . . . they have not yet done so."); *Osprey Ship Mgmt., Inc. v. Jackson Cnty. Port Auth.*, 2007 WL 4287701, at *6 (S.D. Miss. Dec. 4, 2007) (duties "not imposed . . . by statutory or regulatory mandates" are merely discretionary); *cf. Kendall v. U.S. ex rel. Stokes*, 37 U.S. 524, 596-97 (1838) ("[A]ll the legislative power of this government is vested in Congress . . . all the judicial power . . . is vested in this Court and the other courts of the United States, and no more.").

The majority's holding does not address the appellant's request for equitably tolling the time to file his NOA. Succinctly stated, he fails to demonstrate an extraordinary circumstance warranting such tolling. *See Checo*, 748 F.3d at 1378 (noting that a party seeking equitable tolling must show an extraordinary circumstance, due diligence, and causation); *Bailey v. West*, 160 F.3d 1360, 1365 (Fed. Cir. 1998) (en banc) (holding that equitable tolling does not extend to "a garden variety claim of excusable neglect"), *overruled on other grounds by Henderson v. Shinseki*, 589 F.3d 1201 (Fed. Cir. 2009); *Bove*, 25 Vet.App. at 140 (adopting the equitable tolling parameters established in *Bailey*); *see also Palomer v. McDonald*, 27 Vet.App. 245, 251 (2015) (appellant has burden of demonstrating entitlement to equitable tolling). The appellant clearly filed a motion for revision, and his NOA was filed more than a year after the Board decision was rendered and well beyond the 120-day appeal period. Succinctly stated, the appellant chose to attack the Board decision based on CUE, and his right to judicial review is now as to the Board's decision on his motion for revision, should he timely file an appeal as to such a decision. Consistent with our binding case law, therefore, the appeal of the June 2013 Board decision should be dismissed.