KASOLD, Judge,
dissenting:
On its face, the appellant’s July 2013 motion clearly is a motion for revision, not a possible motion for Board reconsideration. It not only is styled as a motion for revision, but the content of the motion references clear and unmistakable error, as well as subpart O and § 20.1400, and it makes no reference to a motion for reconsideration or the regulatory sections governing reconsideration. Moreover, this motion was the appellant’s only submission during the 120-day appeal period.[2] Although the appellant stated on his NOA that he had filed a “motion for reconsideration” with the Board, this re-classification of his motion for revision was made well beyond the 120-day period; the majority *46 make no mention of this fact, nor do they explain why such a re-classification is appropriate at this late stage. See Fugere v. Derwinski, 1 Vet.App. 103, 105 (1990) (“Advancing different arguments at successive stages of the appellate process ... hinders the decisionmaking process and raises the undesirable specter of piecemeal litigation”), aff'd, 972 F.2d 331 (Fed.Cir.1992). Significantly, this delayed re-classification does not change the fact that a motion for revision, and not a motion for reconsideration, is what the appellant filed with the Board, as so found by the Principal Deputy Vice Chairman.[3] See Secretary’s Oct. 27, 2014, Resp. at 2, Exs. at 3 (“No motions for reconsideration ... have been received by the Board.”).
All appellants—whether pro se or represented—have the right to pursue any available route to contest a Board decision. See MacKlem v. Shinseki, 24 Vet.App. 63, 69 (2010) (noting that it is an appellant’s choice whether or not to file a direct appeal or a motion for revision based on CUE); cf. King (Earlee) v. Shinseki, 23 Vet.App. 464, 470 (2010) (“VA has never been obligated to read a claimant’s mind ... ”); see also Voracek v. Nicholson, 421 F.3d 1299, 1305 (Fed.Cir.2005) (conducting de novo review of a document clear on its face); King (Clarence W.) v. Shinseki, 26 Vet.App. 484, 490 (2014) (document read on its face). When an appellant unequivocally selects a particular route, it is not the Court’s role to second-guess that decision. Nor is it the Secretary’s role to do so; and there certainly is no basis for accepting an argument presented by the Secretary that is wholly contrary to the facts. See Copeland v. Shinseki, 26 Vet.App. 86, 90 n. 4 (2012) (noting that the parties’ agreement is not binding on the Court); cf. BMC Industries v. Barth Industries, 160 F.3d 1322, 1337, n. 20 (11th Cir.1998) (noting wide support from the court of “the time-tested adage: if it walks like a duck, quacks like a duck, and looks like a duck, then it’s a duck.”). This is particularly so when, as here, the matter involves the statutorily “important procedural rule” that NOAs must be filed with the Court within 120 days of a final Board decision. See 38 U.S.C. § 7266; Henderson v. Shinseki, 562 U.S. 428, 441-42, 131 S.Ct. 1197, 179 L.Ed.2d 159 (2011) (holding that the 120-day period for filing an appeal is not jurisdictional, but it is “nevertheless an important procedural rule”); Bove v. Shinseki, 25 Vet.App. 136, 141 (2011) (noting that the Secretary is barred statutorily from appealing a Board decision and that to permit the Secretary to essentially “waive the 120-day filing period would cede some control of the Court’s docket to the Secretary and permit arbitrary selection of which veteran’s late filing he finds worthy of waiver, a process devoid of consistency, procedural regularity, and effective judicial review”).[4]
*47 Inasmuch as the appellant filed a motion for revision with the Board, the question before the Court is whether such a filing within the 120-day appeal period abates finality of the Board decision. On this issue, May, 19 Vet.App. at 320, explicitly addresses motions for revision and holds that such motions should be held by the Board until the 120-day appeal period expires and filed thereafter if no NOA is filed in the interim. Implicitly, May holds that the filing of a motion for revision does not abate finality, and such a holding should only be overturned by the en banc court. See Hatch v. Principi, 18 Vet.App. 527, 532 (2004) (noting that an implicit holding is binding precedent); Bethea v. Derwinski, 2 Vet.App. 252, 254 (1992) (panel decisions constitute “binding precedent” unless overturned by en banc opinion of this Court or decision of the Federal Circuit or U.S. Supreme Court); see also U.S. v. Valladares, 544 F.3d 1257, 1264-65 (11th Cir.2008) (noting that a panel is bound by an implicit holding of an earlier panel). Significantly, and contrary to the concern of the majority, an appellant’s filing of a motion for revision with the Board does not obstruct his access to the Court; nothing prevents an appellant from timely filing an NOA with the Court within the 120-day appeal period, as all appellants must do absent a showing that equitable tolling is warranted.[5]
Essentially dismissing the applicability of May because it did not expressly hold that a motion for revision filed at the Board does not abate finality, the majority expand Ratliff beyond its terms and rationale. Specifically, Ratliff involved a filing at an RO that expressed disagreement with a Board decision and a VA policy regarding such filings. See Ratliff, 26 Vet.App. at 358 (noting that “the VA Adjudication Procedures Manual Rewrite (M21-1MR) requires the RO to act upon receipt of submissions” expressing disagreement with Board decisions) (emphasis added). Ratliff did not address the filing of a clearly stated motion for revision, and it did not address a proper filing at the Board. Indeed, the VA policy underlying Ratliff addresses filings at the RO that should have been filed at the Board, not proper filings with the Board. See id. Succinctly stated, the VA policy underlying Ratliff and the Ratliff decision itself have no application to proper filings at the Board.
Moreover—unlike in Ratliff, where the Court recognized the Secretary’s policy that ROs act on expressions of disagreement (EODs) with a Board decision, and, based on that policy, found that the filing of such an EOD with the RO abated finality of the Board decision until the Board Chairman decided whether the EOD was a motion for Board reconsideration and ruled on that motion, or other, alternative actions were taken, see Ratliff, 26 Vet.App at 360,[6]—here, the majority impose a new *48 duty upon the Board with regard to clear requests for revision based on CUE that are received by the Board. Specifically, the Board is now required to notify a claimant that the Board has received the request for revision and presumably inform the claimant that it is not a motion for reconsideration, and further notify the claimant that he has a new 120-day filing period from the date of such notice.[7] No such duty is imposed by statute, regulation, or policy. Certainly, such action is not appropriate or consistent with the designated role of the judiciary. See Bryant v. Shinseki, 23 Vet.App. 488, 499 (2010) (noting that “Congress or the Secretary might create such a duty [not imposed by regulation or statute], but ... they have not yet done so.”); Osprey Ship Mgmt., Inc. v. Jackson Cnty. Port Auth., 2007 WL 4287701, at *6 (S.D.Miss. Dec. 4, 2007) (duties “not imposed ... by statutory or regulatory mandates” are merely discretionary); cf. Kendall v. U.S. ex rel. Stokes, 37 U.S. 524, 596-97, 12 Pet. 524, 9 L.Ed. 1181 (1838) (“[A]ll the legislative power of this government is vested in Congress ... all the judicial power ... is vested in this Court and the other courts of the United States, and no more.”).
The majority’s holding does not address the appellant’s request for equitably tolling the time to file his NOA. Succinctly stated, he fails to demonstrate an extraordinary circumstance warranting such tolling. See Checo, 748 F.3d at 1378 (noting that a party seeking equitable tolling must show an extraordinary circumstance, due diligence, and causation); Bailey v. West, 160 F.3d 1360, 1365 (Fed.Cir.1998) (en banc) (holding that equitable tolling does not extend to “a garden variety claim of excusable neglect”), overruled on other grounds by Henderson v. Shinseki, 589 F.3d 1201 (Fed.Cir.2009); Bove, 25 Vet.App. at 140 (adopting the equitable tolling parameters established in Bailey); see also Palomer v. McDonald, 27 Vet.App. 245, 251 (2015) (appellant has burden of demonstrating entitlement to equitable tolling). The appellant clearly filed a motion for revision, and his NOA was filed more than a year after the Board decision was rendered and *49 well beyond the 120-day appeal period. Succinctly stated, the appellant chose to attack the Board decision based on CUE, and his right to judicial review is now as to the Board’s decision on his motion for revision, should he timely file an appeal as to such a decision. Consistent with our binding case law, therefore, the appeal of the June 2013 Board decision should be dismissed.

. The notice how to appeal a Board decision provided to claimants (VA Form 4597) informs them that they have several options to address any disagreement with the Board decision. A claimant may file an NOA with the Court, which must be filed within 120 days of the Board decision. Or, a claimant may file a motion for reconsideration with the Board, or a motion to vacate with the Board, and, if filed within the 120-day appeal period, the claimant can file an appeal as to the Board decision after a decision has been rendered on such a motion. Or, a motion for revision may be filed with the Board at any time; unlike motions for reconsideration or to vacate, VA Form 4597 does not provide that a claimant will be able to file an NOA as to the Board decision after the motion for revision is decided. See, e.g., June 18, 2013, Board Decision, at 37 (VA Form 4597); see also Eastern Paralyzed Veterans Ass’n, Inc. v. Sec'y of Veterans Affairs, 257 F.3d 1352, 1359 (Fed.Cir.2001) (noting that the notice how to appeal provided by the Secretary is adequate); Cummings v. West, 136 F.3d 1468, 1474 (Fed.Cir.1998) (finding notice of appellate rights adequate), overruled in part on other grounds by Bailey v. West, 160 F.3d 1360 (Fed.Cir.1998) (en banc); Irwin v. Shinseki, 23 Vet.App. 128, 133-34 (2009) (finding notice of appellate rights adequate). There is no assertion that the appellant failed to receive this notice, and it is clear that he filed a motion for revision.

. The majority inexplicably predicate their decision on an incorrect view that the Board did not receive a motion for revision in this case. See ante at 44 ("[S]hould the Board receive a written expression of disagreement that it determines is a motion for revision ... which did not occur in this case...,”).

. As the majority note, the Federal Circuit stated in a footnote to its decision in Checo, 748 F.3d at 1378 n. 5, that the oral argument before this Court focused heavily on whether the Secretary's concession that the circumstances in that case amounted to an extraordinary circumstance and further noted that the reasons for such focused discussion were not apparent given the general rule that parties can stipulate and admit to matters. Here, I respectfully note that the rationale behind not blindly accepting a concession by the Secretary or an agreement by the parties with regard to the timely filing of an NOA is that such acceptance would amount to allowing the Secretary to control the Court’s docket based on unreviewable, potentially arbitrary concessions by the Secretary with negative *47 consequences regarding judicial review and the perceived independence of the Court. See Bove, 25 Vet.App. at 141.

. Indeed, although a motion for reconsideration abates finality of a Board decision when filed below within the 120-day appeal period and before an NOA is timely filed with the Court, such that the Court lacks jurisdiction over said Board decision (because it is not final), see Pulac v. Brown, 10 Vet.App. 11, 12 (1997) (per curiam order), a motion for revision filed within the 120-day appeal period has no such effect; an appellant may timely file his NOA at any time within the 120-day filing period. Compare Rosler, 1 Vet.App. at 249, with May, 19 Vet.App. at 320.

. Similarly, in Rosler, 1 Vet.App. at 243-44, the Court noted the duty of the Board Chairman to render decisions on requests for reconsideration and found that the filing of a request for reconsideration at the Board within the 120-day appeal period abated finality of a Board decision until the Chairman did *48 his duty and rendered a decision on the request for reconsideration.

. The “need” to create a new duty for the Board to notify a claimant when a request for revision is received arises from the majority's holding that the filing of a motion for revision within the 120-day appeal period abates the finality of a Board decision. Absent the creation of this notice duty—which is not otherwise in statute, regulation, or policy—and pursuant to the majority’s holding today that a motion for revision filed during the appeal period abates finality of the Board decision, the Board decision would remain in an unad-judicated state for an undefined and potentially limitless period—bounded only by when the appellant elected to file his NOA. This would be so without the creation of the notice duty because a motion for revision cannot otherwise be adjudicated until the contested Board decision becomes final, which could not occur because, as the majority now hold, finality is abated when a request for revision is filed with the Board. See May, 19 Vet.App. at 317 ("[A] CUE claim (or any collateral attack) cannot lie as to a decision that is still open to direct review. The sole purpose of a CUE claim is to provide a VA claimant with an opportunity to challenge a decision that is otherwise final and unappealable.”). Thus, the majority needed to create this new notice requirement in support of their holding that the filing of a motion for revision with the Board within the 120-day appeal period now abates finality, because without that duty, the underlying Board decision could remain abated indefinitely. The need to support a holding by creating a duty not otherwise imposed by statute, regulation, or policy is a strong indication that the holding requiring such action is not well based. This is particularly so, when, pursuant to May, finality would attach when the 120-day appeal period passed without an appeal—the circumstances here, and the proper result per our precedential case law.